MISHAWAKA FEDERAL SAVINGS AND LOAN ASSOCIATION *v.* T. BROOKS BRADEMAS, J. FRANK HARTWIG, JOHN SCHINDLER, JR., SEDGWICK HOUSE, A LIMITED PARTNERSHIP, 100 CENTER COMPANY.

[No. 3-773A95. Filed December 12, 1974. Rehearing denied February 13, 1975.]

*Robert S. Currey*, of Mishawaka, for appellant.

*F. Richard Kramer*, of South Bend, for appellee T. Brooks Brademas.

HOFFMAN, C.J.—On September 20, 1972, plaintiff-appellee T. Brooks Brademas filed a complaint against defendants-appellees 100 Center Company, J. Frank Hartwig, John Schindler, Jr., Sedgwick House and defendant-appellant Mishawaka Federal Savings and Loan Association (Mishawaka Federal). The complaint, as it concerns Mishawaka Federal and relates to the instant appeal, sought a declaratory judgment to determine the validity of two mortgages held by Mishawaka Federal. On January 3, 1973, the trial court granted a summary judgment in favor of Brademas and declared that a purported mortgage held by Mishawaka Federal was "null and void for want of proper execution and acknowledgment." Following the overruling of its motion to correct errors, Mishawaka Federal perfected this appeal from such judgment.

The undisputed facts reveal that defendant-appellee 100 Center Company is a limited partnership and, in turn, is a general partner of defendant-appellee Sedgwick House, which is also a limited partnership. Defendants-appellees John Schindler, Jr. and J. Frank Hartwig are general partners of 100 Center Company.

On May 26, 1970, 100 Center Company was the owner of a large tract of land located in the City of Mishawaka,

Indiana. This tract of land included, among other lots and parcels, a tract described as "Lot Numbered Eight (8) in Alanson M. Hurd's Addition of Out Lots of The Town of St. Joseph Iron Works, now the City of Mishawaka." It was on May 26, 1970, that 100 Center Company executed a mortgage in favor of defendant-appellant Mishawaka Federal to secure payment of a promissory note in the amount of $600,000. This mortgage encumbered a portion of the aforementioned Lot Numbered 8.

During the summer of 1970, an apartment building known as Sedgwick House was constructed upon the mortgaged real estate. On November 30, 1970, 100 Center Company, by warranty deed, conveyed this real estate to Sedgwick House, a partnership and a party to this action. No mention was made in such conveyance concerning the right of easement described in the previous mortgage.

It is to be noted that prior to this conveyance a blacktopped driveway had been constructed over a portion of Lot Numbered 8 to provide access to the apartment building's parking garage from a nearby street. Although this driveway, which extended to the north and beyond the boundary of the tract conveyed to Sedgwick House, was in existence at the time of conveyance, it was not referred to in the deed of November 30, 1970, nor does the record contain any evidence that a grant of easement was executed at that time.

On January 5, 1971, 100 Center Company executed another mortgage in favor of Mishawaka Federal as additional security for the mortgage it had previously executed on May 26, 1970. This mortgage specifically covered a "right-of-way and easement for ingress and egress over and across that real estate paved with a blacktop pavement."

On May 24, 1972, 100 Center Company conveyed, by warranty deed, to Brademas all of Lot Numbered 8 with the exception of the real estate which had been conveyed to Sedgwick House on November 30, 1970. Neither the deed to Brademas nor a prior purchase agreement entered into

by Brademas and 100 Center Company made reference to either the right-of-way described in the January 5, 1971, mortgage or the mortgage itself.

Brademas subsequently instituted the present action for a declaratory judgment seeking to have the May 26, 1970, and the January 5, 1971, mortgages declared ineffective as encumbrances on the blacktopped driveway.

On January 3, 1973, the trial court entered the following judgment:

> "IT IS THEREOFRE (sic), CONSIDERED ORDERED AND ADJUDGED by the Court that judgment be and the same hereby is entered for the plaintiff on Pleading Paragraph III and against the defendant, Mishawaka Federal Savings and Loan Association, that said purported mortgage identified as Exhibit D attached to the complaint be and the same is declared null and void for want of proper execution and acknowledgement."

The sole issue presented for review is whether the trial court erred in granting summary judgment in favor of plaintiff-appellee and in declaring the January 5, 1971, mortgage (plaintiff's Exhibit "D") null and void.

The mortgage instrument in dispute reads as follows:

### "REAL ESTATE MORTGAGE

"The undersigned 100 Center Company, a partnership, of St. Joseph County, Indiana, on its own behalf and as general partner of Sedgwick House, a partnership, of St. Joseph County, Indiana, hereinafter referred to as the Mortgagor, does hereby mortgage and warrant to Mishawaka Federal Savings and Loan Association, hereinafter referred to as Mortgagee, a right-of-way and easement for ingress and egress over and across that real estate paved with a blacktop pavement, * * *.

* * *

"100 Center Company and Sedgwick House are each limited partnerships created and existing under the Indiana Uniform Limited Partnership Act. Notwithstanding any of the provisions of this mortgage, or the promissory note secured hereby, or the supplemental agreement referred to herein to the contrary, and notwithstanding any statute or

rule of law to the contrary, no partner of either 100 Center Company or Sedgwick House, whether a general partner or a limited partner, shall have any personal liability with respect to this mortgage, the promissory note secured hereby, or the supplemental agreement referred to herein.

"IN WITNESS WHEREOF, we have hereunto set our hands and seals this 5th day of January, 1971.

"100 CENTER COMPANY, a partnership

/s/ By  
John Schindler, Jr.
—————————————
John Schindler, Jr., General Partner

/s/ By  
J. Frank Hartwig
—————————————
J. Frank Hartwig, General Partner

"STATE OF INDIANA ) SS:  
ST. JOSEPH COUNTY )

"Before me, the undersigned, a Notary Public in and for said County and State, this 5th day of January, 1971, personally appeared John Schindler, Jr., known to me to be a general partner, and J. Frank Hartwig, also known to me to be a general partner of 100 Center Company, a partnership, the above named mortgagor, and acknowledged the execution of the foregoing Mortgage.

"Witness my hand and Notarial Seal.

/s/  
Barbara Hoffman
—————————————
Barbara Hoffman, Notary Public

"My commission expires: 2-11-71

"This instrument was prepared by John Schindler, Jr."

The mortgage instrument thus recites that "100 Center Company, a partnership, * * * on its own behalf and as general partner of Sedgwick House, a partnership * * * hereinafter referred to as the Mortgagor, does hereby mortgage and warrant * * *." The instrument is acknowledged by John Schindler, Jr. and J. Frank Hartwig on behalf of 100 Center Company. The acknowledgment refers to both as general partners of 100 Center Company. The certificate again recites the fact that John Schindler, Jr. and J. Frank

Hartwig are general partners of 100 Center Company, a partnership.

In determining the validity of the execution and acknowledgment of an instrument, reference may be had to the entire content of the instrument; and it is not necessary that the acknowledgment or certificate thereof be considered in isolation. See: *Lenhart* v. *Grace Const. & Supply Co.* (1950), 120 Ind. App. 41, 89 N.E. 2d 627.

In *Haverell Distributors* v. *Haverell Mfg. Corp.* (1944), 115 Ind. App. 501, 509, 58 N.E.2d 372 (transfer denied), this court held an acknowledgment of a chattel mortgage insufficient by reason of the fact that the certificate, read in connection with the instrument, did not identify the acknowledgor with the mortgagor "in an official or a representative capacity, or otherwise." It was therefore concluded that the instrument would not have been entitled to recordation. In the case at bar, however, the acknowledgment and certificate considered together with the instrument disclose that 100 Center Company executed the mortgage "on its own behalf and as general partner of Sedgwick House." The reference to the existence of a partnership as between 100 Center Company and Sedgwick House sufficiently establishes that 100 Center Company was acting not only in its own behalf but was also acting as the representative of Sedgwick House or, more particularly, as its agent.

IC 1971, 23-4-1-9, Ind. Ann. Stat. § 50-409 (Burns 1964) provides, in part, as follows:

> "(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

The authority of 100 Center Company or its representatives, Schindler and Hartwig, to execute the mortgage is not disputed; nor is the character of the execution as an act in the usual course of the business of the partnership in question. It must be concluded, therefore, that the execution and acknowledgment of the mortgage were valid; and that the mortgage was binding upon both 100 Center Company and Sedgwick House.

Accordingly, the entry of summary judgment herein is reversed.

Reversed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 319 N.E.2d 674.