Juan **HERNANDEZ and Guadelupe Hernandez, Plaintiffs– Appellees,**

v.

**BRAKEGATE, LTD., et al., Defendants–Appellants.**

No. 91–2665.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 21, 1991.

Decided Sept. 19, 1991.

James R. Wylder, James G. Walker, Bloomington, Ill., for Juan Hernandez and Guadelupe Hernandez.

J. Timothy Eaton, Theodore E. Harman, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., Donald M. Craven, James C. Craven, Springfield, Ill., for Grefco Inc. and Gen. Refractories Co.

Michael J. Kelly, Margaret S. Garvey, Freeborn & Peters, Chicago, Ill., for Manville Settlement Trust Personal Injury and Manville Corp. Asbestos Disease Compensation Fund.

Francis A. Citera, David L. Doyle, Pope & John, Chicago, Ill., for Wedron Silica Co.

Before BAUER, Chief Judge, and COFFEY and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Juan and Guadelupe Hernandez filed suit in state court, under state law, seeking damages for injuries they attribute to asbestos. Lack of complete diversity frustrated defendants who wished to remove the case to federal court. Just as trial appeared imminent, two of the defendants (Grefco, Inc., and General Refractories Co., collectively "Grefco") removed the case anyway, claiming that developments in the Manville bankruptcy made this proceeding "related to" the Manville case. "Related" proceedings may be removed under 28 U.S.C. § 1452(a). It had become clear, Grefco asserted, that the plaintiffs would not recover from Manville, concentrating liability on other parties, which could obtain nothing from Manville by way of contribution or indemnity outside of the bankruptcy proceeding. Grefco accordingly wanted this case (and five others) brought under the Manville umbrella.

Back to state court!, the district judge directed. The federal court concluded that none of the six removed cases is "related to" the Manville bankruptcy, because none potentially affects the size of the Manville estate or its distribution among creditors. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994–96 (3d Cir.1984). See also *Pettibone Corp. v. Easley*, 935 F.2d 120, 122–23 (7th Cir. 1991); *In re Xonics, Inc.*, 813 F.2d 127, 130–32 (7th Cir.1987); *In re Chicago, Rock Island & Pacific R.R.*, 794 F.2d 1182, 1186–87 (7th Cir.1986). Grefco filed a notice of appeal and asked for a stay pending appeal. At our request, the district judge stated that he had denied the application on two accounts: (1) the case is not removable, so there is no probability of success on appeal; and (2) the order is not appealable, so there is no proceeding to which a stay could pend. As the second of these grounds is correct, we not only deny the motion for a stay but also dismiss the appeal for want of jurisdiction.

Grefco's quest for appellate resolution encounters two statutes designed to prevent review of remand orders. First there is 28 U.S.C. § 1447(d), which provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Grefco did not remove this case under § 1443, which deals with civil rights cases. As if § 1447(d) were not enough, the section authorizing bankruptcy removals also bars appellate review:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452(b). Section 1447(d) bars review, the Supreme Court has held, of remands under § 1447(c), which instructs district judges to remand cases in the event of procedural defects or want of jurisdiction. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); cf. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *J.O. v. Alton Community Unit School District 11,* 909 F.2d 267, 269–71 (7th Cir. 1990); *Rothner v. Chicago,* 879 F.2d 1402 (7th Cir.1989). Section 1447(c) does not authorize "equitable" remands, to which, the Court held, § 1447(d) does not apply. Section 1452(b) does authorize such remands, and also bars appellate review of them. That, you would think, covers the waterfront.

*Pacor* held not. The third circuit first concluded that § 1447(d) is inapplicable to removals under § 1452, a single-subject statute that the court thought displaced the general terms of §§ 1441–51. 743 F.2d at 990–92. Next *Pacor* held that the bar in § 1452(b) itself does not apply because it governs only remands under "this subsection", which authorizes remand "on any equitable ground." A remand for want of subject-matter jurisdiction is not an "equitable ground" and so does not activate the preclusion of the next sentence. 743 F.2d at 992–93. The fifth circuit was unimpressed by this two-step and disagreed with *Pacor. Sykes v. Texas Air Corp.,* 834 F.2d 488, 490 (5th Cir.1987) ("The *Pacor* analysis turns on a sort of semantic crack in the statute rather than a sound apprecia-

tion of the strong congressional policy against review of remand orders."). Much as we admire ingenuity, we agree with *Sykes* that *Pacor* was clever rather than correct. Even the third circuit appears to be having second thoughts. *In re TMI Litigation Cases Consolidated II,* 940 F.2d 832, 838–39 n. 4 (3d Cir.1991) (declining to extend approach of *Pacor* beyond § 1452).

Sections 1447 and 1452 belong to Chapter 89 of Title 28. Nothing in text or structure suggests that the general provisions of § 1447 are inapplicable to cases removed under § 1452, any more than they would fall away for removals under § 1442 (federal officers), § 1442a (members of armed forces), or other statutes authorizing removal. To the contrary, § 1452 relies on other provisions in Chapter 89, which specify the time and procedure for removal. All § 1452(a) does is describe a class of removable cases; it does not say or imply, for example, that removal may occur without the signed petition required by § 1446(a) or after the time specified by § 1446(b). If § 1452(b) indeed identifies the only basis of remand, and if as *Pacor* held lack of subject-matter jurisdiction is not an "equitable" ground, then there is no statutory authority to remand cases removed without jurisdiction. They would have to be dismissed outright. If filed again in state court, they could be removed again, followed by dismissal. Defendants could immunize themselves from legal process, a most unlikely outcome of § 1452. The statute authorizing remand for want of jurisdiction is § 1447(c), and § 1447(d) bars review of such remands. Both the Supreme Court, *United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946), and this court, *Resolution Trust Corp. v. Lightfoot,* 938 F.2d 65 (7th Cir.1991), have held that authorization to remove cases arising out of a particular subject does not imply inapplicability of the general provisions concerning removal. Section 1452 is not an exception to this rule. Compare *FSLIC v. Frumenti Development Corp.,* 857 F.2d 665 (9th Cir.1988) (the FSLIC's special removal statute, 12 U.S.C. § 1730(k)(1), does not make § 1447(d) inapplicable), and *In re FSLIC,* 881 F.2d 564

(8th Cir.1989) (same), with *In re FSLIC,* 837 F.2d 432, 436 (11th Cir.1988) (relying on *Pacor* ).

Section 1452(b) independently bars appellate review. *Pacor* read "equitable" in § 1452(b) to mean not "at law." Yet the distinction between law and equity was abolished long ago in federal cases. Nothing in the history of the bankruptcy code suggests that Congress wanted to resuscitate it. Courts must separate "legal" from "equitable" grounds in 1789 on command of the seventh amendment. This task has little but the sanction of history to recommend it and is possible only because law versus equity was an intelligible line in the eighteenth century. In 1978, when Congress enacted the predecessor to § 1452, there was no law-equity distinction. "Equitable" in § 1452(b) makes more sense if it means "appropriate."

Congress expanded district judges' power to remand, and *Thermtron* holds that appeal-preclusion statutes are linked to authority to remand: if the district court gives a reason authorized by statute, courts of appeals may not inquire whether the court erred. Section 1452(b) opens up a whole new class of valid reasons for remand. It makes little sense to take this increase of discretion as enlarging appellate powers. Appellate review of remand orders may drag out litigation. Remands are effective immediately, so state courts may get back to work on the cases. An appellate order a year or more later may render this effort wasted—and the prospect of this waste may induce state judges to sit tight, leaving the case in limbo. Such a specter might be acceptable if a substantial proportion of remands were erroneous, but remands on procedural and jurisdictional grounds are largely mechanical, and "equitable" remands are discretionary so that appellate review would be deferential. Removal and appeal may be designed to achieve little more than a self-help continuance. Few remands would be recalled if appellate review were to be authorized, so the costs of delay are not worth bearing. That, at any event, is the judgment of Congress.

The appeal is dismissed for want of jurisdiction.