**In Re CATHEDRAL OF THE INCARNATION IN THE DIOCESE OF LONG ISLAND, Debtor.**

**CATHEDRAL OF THE INCARNATION IN THE DIOCESE OF LONG ISLAND, Debtor–Appellant, Cross–Appellee,**

**Incorporated Village of Garden City, in the Matter of the Application of the Incorporated Village of Garden City to acquire fee title to the land and improvements thereon at the northwest corner of Stewart and Rockaway Avenues, known as the St. Paul's School site; Official Committee of Unsecured Creditors, Appellants–Cross–Appellees,**

**v.**

**GARDEN CITY COMPANY, INC., Appellee–Cross–Appellants,**

**The Attorney General of the State of New York; Fleet Bank, and United States Trustee Office, Interested Parties.**

**Nos. 527, 594, 595, 596 and 974, Dockets 94–5064, 94–5066, 94–5072, 94–5076 and 95–5026.**

United States Court of Appeals, Second Circuit.

Oct. 21, 1996.

As Amended Oct. 29, 1996.

Edward J. Lobello, New York City (Thomas L. Kent, Marks & Murase, New York City, of counsel; Anderson Kill Olick & Oshinsky, New York City, on the brief), for Debtor–Appellant Cross–Appellee Cathedral of the Incarnation and Cross–Appellee Official Committee of Unsecured Creditors.

Peter J. Mastaglio, Garden City, NY (James G. Ryan, Cullen and Dykman, Garden City, NY, of counsel), for Appellant Village of Garden City.

F. Judith Hepworth, Uniondale, NY (Dolores Fredrich, Michael J. Healy, Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P.C., Uniondale, NY, of counsel), for Appellee–Cross–Appellants Garden City Company, Inc.

Arthur Steinberg, New York City (Kaye, Scholer, Fierman, Hays & Handler, New York City, on the brief), for Interested Parties.

Before: OAKES, MCLAUGHLIN and LEVAL, Circuit Judges.

### CORRECTED ORDER DENYING PETITION FOR REHEARING

Appellants Cathedral and the Village of Garden City move for rehearing of our opinion of July 9, 1996. They contend our ruling that the district court's remand order was not appealable under 28 U.S.C. § 1452(b) is inconsistent with the Supreme Court's decision in *Quackenbush v. Allstate Insurance Co.*, — U.S. —, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), which was decided after argument of this case. Appellants argue that because the remand was not based on an "equitable" ground, it was not subject to the statute's non-appealability provision. The petition is denied.

Although the appealability of remand orders and the relationship between equity and abstention are involved in both *Quackenbush* and our case, the Supreme Court's rulings on those issues depend on statutes and legal doctrines that have no bearing on our decision. The resemblance between the two cases is superficial, and the Supreme Court's ruling is irrelevant to the issues before us.

*Quackenbush* was a suit brought originally in state court by California's Commissioner of Insurance, on behalf of a California insurer under trusteeship, against a reinsurer. The complaint sought damages under contract and tort theories. The defendant-reinsurer removed to federal court by reason of diversity and demanded arbitration. The district court remanded because it found abstention appropriate under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The district court reasoned that federal adjudication of this claim might undermine California's interest in the orderly

administration of the estate of an insolvent insurer. The Ninth Circuit vacated the order of remand, and the Supreme Court affirmed. The Court ruled, first, that the order of remand was appealable as a final order under 28 U.S.C. § 1291, under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949), notwithstanding that it did not conclude the litigation, because it " 'conclusively determine[d][a] disputed question' that is 'completely separate from the merits of the action, effectively unreviewable on appeal from a final judgment' and 'too important to be denied review.' " *Quackenbush,* —— U.S. at —— ——, 116 S.Ct. at 1718–19 (interior citations omitted). *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Second, the Court ruled that 28 U.S.C. § 1447(d) does not bar appellate review of an order of remand predicated upon a *Burford* abstention, because § 1447(d) bars review only of remand orders based on grounds specified in § 1447(c)—*i.e.,* lack of jurisdiction or a defect in the removal proceeding, *see Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), neither of which is involved in a *Burford* abstention. *Quackenbush,* —— U.S. at ——, 116 S.Ct. at 1718. Third, the Court ruled that a dismissal or remand (as opposed to a stay) under *Burford* is appropriate only in a suit seeking relief that falls under the discretionary powers of courts of equity, or is otherwise discretionary; the federal court's obligation to rule in a suit for damages at law makes such dismissal or remand improper. *Id.* at ——, 116 S.Ct. at 1728.

Despite superficial resemblance to the issues in this litigation, the Court's rulings in *Quackenbush* have no bearing on this adjudication. This is so for several reasons.

1. The Court's conclusion that the remand order challenged in *Quackenbush* was appealable as a final order under *Cohen* is not inconsistent with our holding that this order of remand is not appealable. Our holding was not based on lack of finality of the remand order. To the contrary, our holding implicitly presupposes that the remand order would be appealable if Congress had not expressly forbidden appeal in § 1452(b). Our finding of non-appealability is governed by § 1452(b)'s command that "an order entered under this subsection remanding a claim . . . is not reviewable by appeal or otherwise. . . ." That section was not involved in *Quackenbush.* The Supreme Court in *Quackenbush* similarly recognized that no appeal would lie if section 1447(d), the pertinent procedural statute in that case, were found to forbid it. *Id.* at ——, 116 S.Ct. at 1718.

2. Nor does the Supreme Court's holding that § 1447(d) allowed appeal from a remand based on a *Burford* abstention have any bearing on our question of the appealability of remand orders under § 1452(b). The Supreme Court's reason for its finding that § 1447(d) did not bar appeal was that § 1447(d) applies only to remands for reasons specified in § 1447(c). Sections 1447(d) and (c) have no bearing on our case, which is governed by the wholly different provisions of § 1452.[1]

3. Nor is there any meaningful connection between appellants' argument regarding the "equitable" basis for the remand order here and the Supreme Court's discussion of the relationship between equity jurisprudence and abstention in *Quackenbush.*

■ The holding in *Quackenbush* depends on the fact that a court has some discretion whether to grant or deny an equitable remedy while it has no discretion to withhold relief demanded at law. The Court thus concluded that, in an action for damages, a federal court had no authority to refuse relief by abstaining, through either dismissal or remand, where the abstention was based on the judicially created *Burford* doctrine. A judicially created rule of abstention must

---

**1.** Section 1447(c), a part of the general removal statute governing "any case removed from a State court," 28 U.S.C. § 1447(a), permits remand by reason of lack of jurisdiction or a "defect in removal procedure." Section 1452(b), which applies only to remands by reason of the bankruptcy jurisdiction provided by 28 U.S.C. § 1334, permits remand "on any equitable ground."

yield to a statutory duty to rule under Congress's grant of jurisdiction. (The ruling is perhaps also supported by the proposition that equitable remedies enforced by federal courts have a higher potential for interfering with state administration than an award of money damages.)

None of *Quackenbush*'s reasons for restricting *Burford* remands bear on appellant's argument concerning remands under § 1452(b). In the first place, the use of the word "equitable" in § 1452(b) does not relate to whether the cause of action seeks an equitable *remedy*. The statute uses the word in relation to whether *the reason for the remand* is an "equitable ground." The distinction raised by § 1452(b)—between a remand "on any equitable ground" and other remands—has nothing to do with whether the relief demanded in the complaint is an equitable remedy, such as injunction, as opposed to damages at law. Thus the central reason for the Supreme Court's ruling—that courts have some discretion to withhold equitable remedies but no discretion to withhold a remedy required by common law—is in no way involved in our case. The abstention and remand here were not pursuant to a judicially developed doctrine like *Burford* abstention, but followed the provisions of §§ 1334 and 1452. Section 1334 commands the federal court to abstain from hearing certain suits related to bankruptcy proceedings, and § 1452(b) provides for the remand of such cases if removed to federal court. The provision for mandatory abstention under § 1334, which furnishes the reason in this case for the remand under § 1452, does not depend in any way on whether the relief sought is equitable or otherwise discretionary.

In sum, the reasons for which the Supreme Court found the appealability in *Quackenbush* had nothing to do with the legal-equitable distinction; and the legal-equitable distinction that supported the Supreme Court's ruling on abstention in *Quackenbush* has no bearing on the question of appealability in

this case. We adhere to our conclusion that § 1452(b)'s reference to an "equitable ground" means one that is fair and reasonable,[2] rather than one that originated in the chancery courts or is discretionary.[3]

Appellants' motion shows no good reason for revising our ruling of July 9, 1996. The motion for reargument is denied.

---

2.  *See Things Remembered, Inc. v. Petrarca,* —— U.S. ——, ———–——, 116 S.Ct. 494, 499–500, 133 L.Ed.2d 461 (1995)(Ginsburg, J., concurring).

3.  *Compare Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223 (7th Cir.1991) and *Sykes v. Texas Air Corp.,* 834 F.2d 488 (5th Cir.1987), *with Pacor Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984).