In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-3238

FIFTH THIRD BANK, INDIANA,

*Plaintiff,*

*v.*

EDGAR COUNTY BANK & TRUST, *et al.*,

*Defendants-Appellees.*

Appeal of:

GARZOLINI TIRE & FUEL, INC.,

*Debtor in Possession.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:05-cv-0219-RLY/WGH—**Richard L. Young**, *Judge.*

_____

ARGUED FEBRUARY 21, 2007—DECIDED MARCH 15, 2007

_____

Before EASTERBROOK, *Chief Judge*, and FLAUM and
SYKES, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* Garzolini Tire & Fuel
borrowed money from Edgar County Bank & Trust on the
security of a mortgage in what the parties call the Clinton
Property. During Garzolini Tire's bankruptcy, Fifth
Third Bank filed an adversary proceeding in which it
argued that it held an interest superior to Edgar County
Bank's. Eventually Fifth Third Bank conceded—but

Garzolini Tire made its own claim to the proceeds of the Clinton Property, which has been sold. (The purchase price is being held in escrow.) According to Garzolini Tire, the mortgage was not properly signed and attested, so the proceeds of the Clinton Property should be distributed to unsecured creditors (including Edgar County Bank) under the terms of the plan of reorganization.

Neither side's brief complied with Circuit Rule 28(a)(3), which requires details on how the matters appealed in a bankruptcy case relate to any part of the litigation still under way in the bankruptcy court or the district court. An order issued before oral argument achieved only partial compliance, so at oral argument we directed the parties to try again. Their filings have revealed that (a) the adversary proceeding has been fully resolved (Fifth Third Bank made several claims in addition to the one about the Clinton Property), and (b) the bankruptcy itself has produced an approved plan of reorganization, a final decision by any standard.

A final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit. See *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294 (7th Cir. 1997); *In re Morse Electric Co.*, 805 F.2d 262 (7th Cir. 1986). Counsel were mistaken to treat each separate claim in an adversary proceeding as appealable independently while the adversary proceeding as a whole is ongoing. In bankruptcy litigation, as in other civil cases, it takes a separate judgment under Fed. R. Civ. P. 54(b) to allow an immediate appeal of one claim in a larger proceeding. See Fed. R. Bankr. P. 7054(a) (applying Rule 54(b) to bankruptcy litigation). But the misunderstanding turned out not to matter. Counsel could have saved both themselves and the judges valuable time by studying the jurisdictional rules and supplying all material information at the outset.

When Garzolini Tire borrowed from Edgar County Bank & Trust ("the Bank" for short), its president was Bruno Garzolini, Jr., and its vice president was Robert D. Garzolini. Both Bruno and Robert borrowed from the Bank in the same transaction, though only Garzolini Tire gave a security interest in real property. The signature block on the mortgage reads (with manuscript signatures in italic):

**THE BORROWERS HEREBY DECLARE AND ACKNOWLEDGE THAT THE BORROWERS HAVE RECEIVED, WITHOUT CHARGE, A TRUE COPY OF THIS MORTGAGE.**

GARZOLINI TIRE & FUEL, INC.          *Bruno Garzolini, Jr.*

                                                      BRUNO GARZOLINI, Jr.

By: *Bruno Garzolini, Jr.*

ATTEST:                                             *Robert D. Garzolini*

*Robert D. Garzolini*, V.P.              ROBERT D. GARZOLINI

The next page contains a notary public's declaration that these signatures are genuine.

Garzolini Tire maintains that these signatures are inadequate, because the Garzolinis may have been signing exclusively in their personal capacities. The notary's attestation does not reveal in which capacity they signed, so the document is ineffective under Ind. Code §32-21-2-3. Although Ind. Code §32-21-2-3 and its predecessors deal

with the recording of mortgages rather than with the rights of the parties to the transaction, see *Hubble v. Wright*, 23 Ind. 322 (1864), in a bankruptcy proceeding the trustee or debtor in possession can assume the position of a hypothetical third party that could take ahead of a non-recorded mortgage. See 11 U.S.C. §544(a).

Garzolini Tire relies principally on *Haverell Distributors, Inc. v. Haverell Manufacturing Corp.*, 115 Ind. App. 501, 58 N.E.2d 372 (1944), in which the court found some signatures too ambiguous to create a mortgage on a corporation's behalf. For its part, the Bank relies principally on *Mishawaka Federal Savings & Loan Association v. Brademas*, 162 Ind. App. 423, 319 N.E.2d 674 (1974), which found particular signatures adequately revealing after stating that "it is not necessary that the acknowledgment or certificate thereof be considered in isolation." 319 N.E.2d at 677.

Arguments back and forth about the relative weight and effect of *Haverell* and *Mishawaka Federal S&L* seem to us bootless, because Ind. Code §32-21-2-3 is simple as can be. Under this statute, a mortgage is eligible to be recorded if it is "(1) acknowledged by the grantor or (2) proved before a (A) judge . . . [or] (E) notary public . . . ." The statute does not say how mortgages are to be "acknowledged" or "proved"; this is apparently left to private choice. Ind. Code §32-21-2-7 offers some samples but does not require their use—and the sample forms are skimpier than the one these parties devised. This particular mortgage was acknowledged by two corporate officers, proved before a notary public, and later proved before a bankruptcy judge. As long as the Garzolinis were acting on behalf of Garzolini Tire, there is no problem. And *whether* they were so acting is a question not of law but of fact—and the bankruptcy judge found that they acted in both corporate and personal capacities.

The bankruptcy judge's understanding of this document seems to us entirely sensible, if it is not inevitable. Each Garzolini signed *twice*—once on the left side in a corporate capacity, and once on the right in a personal capacity. The left side gives the corporate name, followed by "By" and the signature of the corporation's President. It does not take the word "President" after Bruno's name to illuminate the capacity in which one signs when the immediately preceding text is "GARZOLINI TIRE & FUEL, INC., By:" The next line makes this clear; Robert Garzolini, as Vice President (or "V.P."), attests the signature, a step unnecessary and inappropriate unless Bruno was signing for the corporation as its President. And the notary tells us that the signatures are genuine. We have no doubt that Indiana's courts would treat this as an effective mortgage.

AFFIRMED

A true Copy:

      Teste:

               _____
               *Clerk of the United States Court of*
               *Appeals for the Seventh Circuit*