In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 21-1084 and 21-1101

CITIMORTGAGE, INC.,

*Plaintiff-Appellee,*

*v.*

JEROME M. DAVIS and LYNNE
TERNIOR-DAVIS,

*Defendants-Appellants.*

———————————

Appeals from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:19-cv-50299 — **Iain D. Johnston**, *Judge.*

———————————

No. 21-1446

JEROME M. DAVIS,

*Plaintiff-Appellant,*

*v.*

CITIMORTGAGE, INC.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:19-cv-50277 — **Iain D. Johnston**, *Judge.*

———————————

SUBMITTED SEPTEMBER 22, 2021 — DECIDED DECEMBER 10, 2021

————————————

Before SYKES, *Chief Judge*, and FLAUM and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. For several years, CitiMortgage, Inc., has been locked in a legal battle with Jerome M. Davis and Lynne Ternoir-Davis over a mortgage the couple took out on their residence in 2005. After the Davises defaulted on the loan and filed for bankruptcy, Jerome Davis received a bankruptcy discharge, which the bankruptcy court later held did not extend to the debt Davis owed CitiMortgage.

Rather than appeal that decision, Davis has attempted to collaterally attack that court's ruling—first, by attempting to remove CitiMortgage's foreclosure action to federal court, and second, by filing a separate suit against CitiMortgage. Davis lost in each of those proceedings, and CitiMortgage was awarded attorney fees and costs when the court remanded the foreclosure proceeding.

Davis appeals these two decisions. But we lack jurisdiction to review the remand order, and Davis has waived his arguments challenging the attorney fees and costs award. We also agree with the district court's dismissal of Davis's suit against CitiMortgage.

## I

This dispute encompasses three lawsuits: (1) an adversary proceeding in bankruptcy court in which Jerome Davis challenged CitiMortgage's debt and security interest; (2) CitiMortgage's foreclosure action against the Davises; and (3) Davis's suit against CitiMortgage alleging, among other things, unfair

debt collection practices. Only the latter two actions are before us.

*1. Davis's bankruptcy and adversary proceeding*. In 2005, the Davises executed a mortgage on their residence with ABN Amro Mortgage Group, Inc. After defaulting on the mortgage, Davis[1] entered bankruptcy in 2011. CitiMortgage, the successor in interest to ABN Amro Mortgage Group due to a merger, filed a proof of claim in the amount of $478,238.90, secured by the Davis's residence. Davis's Chapter 13 bankruptcy plan was approved in 2012 and incorporated an agreement between the parties that conditioned the automatic stay on Davis making monthly mortgage payments to CitiMortgage, along with scheduled payments to cure a post-petition arrearage of $23,402.24 and a pre-petition arrearage of $78,640.90. According to the agreement, if Davis defaulted on the payments to CitiMortgage, the automatic stay would lift, and CitiMortgage could foreclose on the residence.

In 2014, after Davis defaulted on the payments, CitiMortgage withdrew its proof of claim and notified the bankruptcy court that the stay had terminated. Davis then challenged CitiMortgage's debt and security interest by filing an adversary proceeding, which spanned nearly five years, 250 docket entries, and scores of hearings. While that proceeding was pending, Davis completed the Chapter 13 plan and received a bankruptcy discharge in 2018.

Davis's adversary proceeding concluded in 2019 when the bankruptcy court granted CitiMortgage's motion to dismiss.

---

[1] Jerome Davis is a party in all the underlying suits. Lynne Ternoir-Davis is a party only in the foreclosure proceeding. Both individuals executed the mortgage at issue. For ease of reference, we refer to them collectively as "Davis."

*Davis v. CitiMortgage, Inc.* (*In re Davis*), Ch. 13 Case No. 11-81785, Adv. No. 14-96129, 2019 WL 2108048 (Bankr. N.D. Ill. May 10, 2019).[2] The court decided that Davis's 2018 bankruptcy discharge did not cover the debt owed CitiMortgage:

> [T]he dispute between CitiMortgage, Inc. and the Debtor does not implicate his discharge. … To the extent that CitiMortgage, Inc.'s claim was treated by the plan, such claim is non-dischargeable as a cured long-term debt. 11 U.S.C. § 1328(a)(1). To the extent that the withdrawal of CitiMortgage, Inc.'s claim caused its claim to not be "provided for by the plan," then on that account it is not subject to the discharge. 11 U.S.C. § 1328(a). Either way, the Debtor's discharge is not implicated.

*Id.* at *5. Because the mortgage issue was "a two-party dispute under state law which does not implicate bankruptcy rights," *id.*, the court granted CitiMortgage's motion to dismiss.

This was not the first time the bankruptcy court had told Davis that a discharge did not affect the debt owed CitiMortgage. In 2016, after Davis's bankruptcy case had been erroneously closed, the court reopened it and stated "[t]he debt owed CitiMortgage appears to be such a debt that is not subject to discharge." Then, in its 2018 opinion denying CitiMortgage's motion for summary judgment in the adversary proceeding, the court declared that the debt "was not subject to discharge—either because it was a long-term debt provided for under Section 1322(b)(5) of the Bankruptcy Code

---

[2] Neither party included this bankruptcy court decision in their submissions to this court.

or in the alternative it was not a debt provided for by the confirmed Chapter 13 plan."

After the bankruptcy court dismissed the adversary proceeding, Davis had 14 days to appeal the court's decision under Federal Rule of Bankruptcy Procedure 8002. Davis did not appeal that decision.

*2. CitiMortgage's foreclosure action*.[3] Following the dismissal, CitiMortgage filed a foreclosure complaint against Davis in Illinois state court. Davis attempted to remove the foreclosure action to bankruptcy court, arguing removal was justified because CitiMortgage was seeking a personal deficiency judgment against him, which allegedly contravened Davis's bankruptcy discharge. In response, CitiMortgage moved to remand, claiming there was no federal jurisdiction on the face of its foreclosure pleading.

The bankruptcy court instructed Davis to respond to CitiMortgage's remand motion and show why the court had jurisdiction. But Davis—a licensed attorney who represented himself and his wife in all underlying proceedings on review before our court, as well as in this appeal—failed to respond. Because Davis had no basis to assert federal question jurisdiction, the removal was unreasonable, so CitiMortgage was awarded attorney fees and costs under 28 U.S.C. § 1447(c). Although lacking jurisdiction to reach the merits, the court found it unreasonable for Davis to accuse CitiMortgage of violating the bankruptcy discharge when the court "has held, on numerous occasions, that the debt owed to [CitiMortgage] is not subject to discharge in Mr. Davis' now-closed

---

[3] CitiMortgage's foreclosure action has two case numbers—Nos. 21-1084 and 21-1101—because Davis filed an amended notice of appeal in the district court.

bankruptcy case." The court entered a separate, final order on the bill of costs on January 6, 2020, awarding CitiMortgage a total of $6,500.

Davis appealed the bankruptcy court's remand order to the district court, but the remand was affirmed. Davis now appeals the remand order to us. He also seeks review of the attorney fees and costs award to CitiMortgage, although he failed to appeal the bankruptcy court's final order calculating the award amount.

*3. Davis's suit against CitiMortgage.* In addition to CitiMortgage's foreclosure action, Davis sued CitiMortgage in federal district court, alleging violations of the Fair Debt Collection Practices Act, the Illinois Consumer Fraud and Deceptive Practices Act, and the 2018 bankruptcy discharge injunction. But as the district court noted, all three of Davis's claims center on his contention that the debt owed CitiMortgage was subject to his 2018 discharge. Because the bankruptcy court had held the opposite in Davis's adversary proceeding, the district court took judicial notice of the decision in *In re Davis* and granted CitiMortgage's motion to dismiss Davis's suit with prejudice. Davis now appeals the dismissal of his suit against CitiMortgage.

## II

At the outset, we note that *In re Davis*, in which the bankruptcy court ruled that Davis's 2018 bankruptcy discharge did not cover the debt owed CitiMortgage, is not on appeal before us. Davis had an opportunity to timely appeal the bankruptcy court's decision, but he chose not to do so.

Davis challenges the bankruptcy court's remand of CitiMortgage's foreclosure action. Before reaching the merits

of his argument, we must first determine whether we have jurisdiction. Two statutes aid our inquiry.

Title 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." As we have previously held, § 1447(d) bars review of remands under § 1447(c), and "[t]he reasons for remand that are enumerated in § 1447(c) include defects in removal procedure and lack of subject matter jurisdiction." *Foster v. Hill*, 497 F.3d 695, 697 (7th Cir. 2007); *see Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223, 1225 (7th Cir. 1991). The practical effect of § 1447(d) is that "[i]n most removed cases, 28 U.S.C. § 1447(d) prohibits review of a remand order." *Betzner v. Boeing Co.*, 910 F.3d 1010, 1013 n.1 (7th Cir. 2018).

In addition to § 1447(d)'s general prohibition on our jurisdiction over remand orders, 28 U.S.C. § 1452(b) adds an independent limitation on our ability to review the "[r]emoval of claims related to bankruptcy cases." This statute states that a remand order issued "on any equitable ground" "is not reviewable by appeal or otherwise by the court of appeals … or by the Supreme Court of the United States." Our prior cases have interpreted this provision to mean that "a district court's decision to remand a case or claim pursuant to § 1452(b) is unreviewable only when it relies on 'any equitable ground' in doing so." *Good v. Voest-Alpine Indus., Inc.*, 398 F.3d 918, 927 (7th Cir. 2005). But in the context of § 1452(b), we have determined that "the term 'equitable' means 'appropriate.'" *Id.* (quoting *Hernandez*, 942 F.2d at 1226). For that reason, "this court has held that the limitations in section 1452(b) on appeal are identical to the limitations in section 1447." *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 769 (7th Cir. 2011).

Here, both § 1447(d) and § 1452(b) foreclose our ability to review the district court's affirmance of the remand order.

The bankruptcy court remanded CitiMortgage's foreclosure proceeding under § 1447(c) because the court lacked subject matter jurisdiction over the dispute. As a result, we are without authority under § 1447(d) to review the bankruptcy court's remand order. Because a dismissal for lack of subject matter jurisdiction is "appropriate," § 1452(b) also precludes our review.

To avoid this conclusion, Davis argues that jurisdiction exists under the Supreme Court's decision in *City of Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934).[4] There, the district court issued "a single decree embodying three separate orders," including an order dismissing one of the defendants and a remand order. *Id.* at 142–43. While the Court determined that the remand order was not appealable, it nonetheless held that the order of dismissal was reviewable because it preceded the remand order "in logic and in fact." *Id.* at 143. Davis contends that, by extension, his appeal of the remand order fits within *Waco* because he contests the bankruptcy court's conclusion that his discharge did not cover the debt owed CitiMortgage rather than disputing the court's holding that it lacked subject matter jurisdiction.

Davis's invocation of *Waco* does not persuade. In rejecting a similar argument, the Court has expressly stated that "*Waco* does not permit an appeal when there is no *order* separate from the unreviewable remand order." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 236 (2007); *see also Lindner v. Union Pac. R.R. Co.*, 762 F.3d 568, 571 (7th Cir. 2014). Similarly, the bankruptcy court here did not issue an order separate from the remand order, which this court is statutorily

---

[4] Our research yielded that *City of Waco* has been cited by this circuit only seven times since the Court's decision in 1934.

barred from reviewing. And while Davis insists that the underlying purpose of *Waco* is to ensure that appealable issues do not evade review, that rationale is equally absent from this case. Davis had every opportunity to timely appeal the court's conclusion that his bankruptcy discharge did not cover the debt owed CitiMortgage. Yet, he chose not to. Davis cannot now complain that the scope of his bankruptcy discharge has evaded review.

Even if our court had jurisdiction over the bankruptcy court's remand order, we would find that Davis waived the right to object. When CitiMortgage filed its motion to remand the foreclosure proceeding, the bankruptcy court instructed Davis to show why the court had jurisdiction by October 25, 2019. That day came and went, but Davis failed to respond to the motion to remand. In briefs before this court, Davis admits that waiver of the right to establish subject matter jurisdiction. So, we need not entertain that objection.

### III

Davis argues separately that the bankruptcy court's attorney fees and costs award to CitiMortgage should be reversed because he had a reasonable basis to contend that his bankruptcy discharge covered the debt owed CitiMortgage.

In the bankruptcy court's October 28, 2019 order remanding CitiMortgage's foreclosure proceeding to state court, the bankruptcy court also awarded CitiMortgage attorney fees and costs in an undetermined amount. On November 13, 2019, Davis appealed the bankruptcy court's order, including the decision to award CitiMortgage attorney fees. CitiMortgage then moved to dismiss. In addition to defending the remand order, CitiMortgage argued that the fees and costs award should be affirmed—both because Davis's appeal of

the award was premature, as a final order calculating the
award amount had not yet been entered at the time of the ap-
peal, and because the award was proper since Davis had no
basis to assert federal jurisdiction justifying removal. In re-
sponse, Davis filed a memorandum that addressed the merits
of the remand order, but which neglected entirely the attor-
ney fees and costs award.

As our court has stated repeatedly, arguments that are un-
developed before a district court are waived on appeal.
*Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) (per cu-
riam); *see Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir.
2012). Here, in the face of CitiMortgage's contentions to the
contrary, Davis offered no argument before the district court
for why the bankruptcy court's fees and costs award was im-
proper. Davis's position against awarding attorney fees was
not merely underdeveloped; it was not developed at all. So,
Davis has waived his right to appeal this issue before our
court.

Davis's challenge to the fees and costs award is waived for
an additional reason. In his statement of issues before the dis-
trict court, Davis recognized that the basis for the attorney
fees award against him was his "fail[ure] to establish a rea-
sonable basis for asserting federal question jurisdiction." But
before our court, Davis asserts "[t]he sole basis for the award
was . . . that the bankruptcy court deemed [his] challenge to
its ruling excepting [CitiMortgage]'s debt from discharge as
objectively unreasonable." In other words, Davis now argues
that the fees and costs award was predicated on the bank-
ruptcy court's determination that his substantive claim—ra-
ther than his inability to establish federal jurisdiction—was
unreasonable. "[R]aising an issue in general terms is not suf-
ficient to preserve specific arguments that were not

previously presented." *Puffer*, 675 F.3d at 718. Because Davis's argument against the fees and costs award before our court differs from his challenge to the award before the district court, we conclude that Davis has waived the argument he now advances before us.

## IV

Finally, Davis challenges the district court's dismissal of his suit against CitiMortgage, which claimed violations under the Federal Debt Collections Practice Act, the Illinois Consumer Fraud and Deceptive Practices Act, and of the 2018 bankruptcy discharge injunction. Yet, as the district court noted, and Davis does not dispute, all three of his claims hinge on the question of whether the debt owed CitiMortgage was covered by his bankruptcy discharge. That was the resolution of *In re Davis*, which he did not appeal. Davis's attempt to challenge the bankruptcy court's holding at this stage constitutes an impermissible collateral attack.

To avoid this conclusion, Davis makes three arguments. First, he asserts the bankruptcy court's dismissal of his adversary action in *In re Davis* was not a final order and therefore should not be given preclusive effect. In support, Davis points to *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020), in which the Court examined the finality of the bankruptcy proceeding in that case based on certain factors. *Id*. at 588–89. Those factors include a proceeding commencing with the filing of a motion, followed by procedural steps, and resulting in a dispositive decision based on the application of a legal standard. Without those factors here, Davis argues the bankruptcy court's dismissal was not a final order. But this overcomplicates the analysis. The *Ritzen* factors were used to determine whether an order was final, even though the underlying case remained pending. Here, there is no such

complexity. The bankruptcy court dismissed the adversary proceeding, and as our court has noted, "[a] final resolution of any adversary proceeding is appealable, as it is equivalent to a stand-alone lawsuit." *Fifth Third Bank, Ind. v. Edgar Cnty. Bank & Tr.*, 482 F.3d 904, 905 (7th Cir. 2007).

Second, Davis characterizes the bankruptcy court's analysis regarding the scope of his bankruptcy discharge as dicta. But this mischaracterizes the court's decision. The bankruptcy court dismissed the adversary proceeding because it had devolved into a "a two-party dispute under state law" that "[did] not implicate bankruptcy rights." This conclusion was reached because Davis's bankruptcy discharge did not implicate the debt owed CitiMortgage. For that reason, the court's analysis on the scope of the bankruptcy discharge was central to the court's decision.

Third, Davis contends he was denied adequate notice and an opportunity to respond to the bankruptcy discharge issue because CitiMortgage did not file a motion or objection challenging his right to a discharge. But this argument overlooks that it was Davis who originally placed the scope of his discharge before the court. In a 2016 brief asking to reopen the bankruptcy case, Davis stated his "pending adversary case will determine the scope of Debtor's discharge: whether it included the debt asserted by CitiMortgage." While the bankruptcy court agreed to reopen Davis's bankruptcy case, the court made sure to note in its decision that "[t]he debt owed CitiMortgage appears to be such a debt that is not subject to discharge." As a result, Davis has no basis to contend that he did not have constitutionally sufficient notice that the bankruptcy court could make findings or determinations on the scope of his bankruptcy discharge in the adversary proceeding. What is more, if Davis believed that the decision in *In re*

*Davis* had denied him due process, he had every right and opportunity to appeal the bankruptcy court's final order. Nevertheless, Davis did not appeal that ruling, and it is too late to do so now.

\* \* \*

For these reasons, we DISMISS the appeal of the remand order, and we AFFIRM the fees and costs award and the district court's dismissal with prejudice of Davis's suit against CitiMortgage.